FILED

2012 Aug-21  AM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **HOSPITALITY GROUP LLC** | ) | |
| **and ROGER D. STANMORE,** | ) | |
| | ) | |
| Plaintiffs / Counter Defendants, | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **5:11-cv-4235-AKK** |
| | ) | |
| **BRANCH BANKING AND** | ) | |
| **TRUST COMPANY,** | ) | |
| | ) | |
| Defendant / Counter Claimant. | ) | |

## ORDER AND MEMORANDUM OPINION

Before the court is Defendant / Counter Claimant Branch Banking and Trust Company's ("BB&T") motion for summary judgment on its claims against Plaintiffs / Counter Defendants Hospitality Group LLC ("Hospitality Group") and Roger D. Stanmore ("Dr. Stanmore") (collectively "Counter Defendants") and for summary judgment on Counter Defendants' claims against BB&T.  Doc. 18.  For the reasons stated herein, the motion is **GRANTED** as it relates to Counter Defendants' claims against BB&T and Counter Defendants' liability for breach of contract.  Counter Defendants' response to BB&T's motion only substantively addresses the amount owed to BB&T, accordingly, to allow the parties to finish discovery on this issue, the court **SETS** an evidentiary hearing at **4:30 P.M. on October 9, 2012**, at the United States Courthouse in Huntsville, Alabama, to

resolve the judgment amount in favor of BB&T.[1]

## Analysis

### I.     Historical and Procedural Background

Hospitality Group, an Alabama limited liability company, *see* doc. 1-1, at 3, entered into a Promissory Note (the "Note") with Colonial Bank on October 24, 2007, whereby Colonial Bank loaned Hospitality Group $8,575,683.00 (the "Loan"), doc. 18-1, at 2-3; doc. 5-2.  Additionally, on October 24, 2007, Dr. Stanmore executed a Guaranty Agreement whereby he guaranteed all payment and performance of Hospitality Group's obligations to Colonial Bank (the "Guaranty").  Doc. 18-1, at 3; doc. 5-3.  The parties further secured the Loan by executing and recording a Mortgage and Security Agreement given by Hospitality Group in favor of Colonial Bank with the Office of the Judge of Probate of Madison County, Alabama as instrument No. 2007102500747890 (the "Mortgage").  Doc. 18-1, at 3; doc. 5-4.

Counter Defendants defaulted on the Note and Guaranty, and, on June 30, 2009, Colonial Bank and Counter Defendants entered into a Forbearance Agreement ("First Forbearance Agreement").  Doc. 18-1, at 4; doc. 5-5.  The forbearance period of this initial agreement ended on December 31, 2009.  *Id.* From December 2009 to March 2011, Counter Defendants made no payments,

---

[1] The court will also address attorney's fees at this hearing.  *See* doc. 18, at 17.

and, due to these defaults, BB&T[2] and Counter Defendants executed another
forbearance agreement on March 22, 2011 ("Second Forbearance Agreement").
Doc. 18-1, at 5; doc. 5-6.  Counter Defendants breached the terms of the Second
Forbearance Agreement, and, accordingly, BB&T elected to accelerate the
outstanding amount owed such that all amounts owed by Counter Defendants
became immediately due and payable.  Doc. 18-7, at 2-3.  Moreover, interest
began accruing at the default interest rate.  *Id.* at 3.  BB&T notified Counter
Defendants of this acceleration on September 23, 2011, doc. 5-8, and, as Counter
Defendants remained in default, on November 23, 2011, BB&T noticed its
intention to foreclose on the Mortgage, *id.* at 4.

On December 15, 2011, Counter Defendants filed a "Verified Petition for
Declaratory Judgment, Temporary Restraining Order and Permanent Injunction
and Complaint for Damages" against BB&T in the Circuit Court of Madison
County, Alabama ("Counter Defendants' Complaint").  Doc. 1-1, at 2.  The
Counter Defendants' Complaint sought (1) a temporary restraining order
preventing BB&T from foreclosing on December 16, 2011; (2) a declaratory
judgment requiring BB&T to provide a "detailed accounting of all transactions
covered by the parties['] Forbearance Agreement" and stating that the pending
foreclosure is invalid; and (3) judgment on Counter Defendants' breach of

---

[2] On August 14, 2009, the FDIC, as appointed Receiver for Colonial Bank, entered into a
purchase and assumption agreement with BB&T pursuant to which, *inter alia*, BB&T purchased
the Note and Guaranty.  Doc. 18-1, at 4.

contract, breach of fiduciary relationship, negligence, and wantonness claims. *Id.*
at 7. The Circuit Court of Madison County, Alabama granted the temporary
restraining order on December 15, 2011. *Id.* at 19-20. On December 16, 2011,
BB&T properly removed the action to this court and filed a Counterclaim
("BB&T's Counterclaim") against Counter Defendants as well as its responsive
pleading to the Counter Defendants' Complaint. Doc. 2. BB&T's Counterclaim
alleged breach of contract claims against both Counter Defendants and an unjust
enrichment claim against Hospitality Group. *Id.* at 8-13.

BB&T also moved to dissolve the state court's temporary restraining order,
doc. 5, and this court held an evidentiary hearing on December 22, 2011 regarding
the temporary restraining order and Counter Defendants' motion for a preliminary
injunction. On December 27, 2011, the court granted BB&T's motion and denied
Counter Defendants' motion for a preliminary injunction because Counter
Defendants failed to establish the necessary elements for such relief. Doc. 6.

On February 17, 2012, Hospitality Group filed a suggestion of bankruptcy
but also notified the court that BB&T sought relief from the automatic stay in the
bankruptcy proceedings. Doc. 11. Subsequently, BB&T presented this court with

> an Order from the United States Bankruptcy Court for the Northern
> District of Alabama, case no. 12-80142-JAC11, providing that "the
> automatic stay is hereby modified and terminated solely to permit the
> Movant [BB&T] to pursue and defend to a final judgment all claims,
> whether currently asserted or hereafter pled, in the matter of
> *Hospitality Group, LLC and Roger Stanmore vs. BB&T, et. al.*,
> pending in the United States District Court for the Northern District
> of Alabama . . . case number 11-04235 . . .[and] that the District Court

> Litigation, including any discovery associated therewith, may proceed
> to a final judgment with respect to the claims and defenses pled in the
> District Court Litigation in accordance with this Order."

Doc. 16 (quoting doc. 13-1, at 1-2) (alterations in original).  Accordingly, on
March 13, 2012, the court entered a scheduling order with a discovery deadline of
October 8, 2012 and a dispositive motions deadline of December 1, 2012.  Doc.
17.  Nonetheless, two days later, on March 15, 2012, BB&T moved for summary
judgment in favor of its claims against Counter Defendants and summary
judgment against Counter Defendants' claims.  Doc. 18.  This motion is fully
briefed, docs. 21, 22, and ripe for review.

## II.    BB&T's Counterclaim for Breach of Contract Regarding the Note and Guaranty

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant
summary judgment if the movant shows that there is no genuine issue as to any
material fact and the movant is entitled to judgment as a matter of law."  *See also
Gerling Global Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1233
(11th Cir. 2001).  When the party bearing the burden of proof at trial moves for
summary judgment, "'his showing must be sufficient for the court to hold that no
reasonable trier of fact could find other than for the moving party.'"  *Mitchell v.
Globe Life and Accident Ins. Co.*, 548 F. Supp. 2d 1385, 1392 (N.D. Ga. 2007)
(quoting *Calderone v. United States*, 799 F.2d 154, 259 (6th Cir. 1986)).  In other
words, "[w]here the movant also bears the burden of proof on the claims at trial, it
must do more than put the issue into genuine doubt; indeed, [it] must remove

genuine doubt from the issue altogether." *Id.* at 1392-93 (citations and quotation marks omitted, alteration in original).

As it relates to Hospitality Group's breach of the Note, "Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note." *Wells Fargo Bank, N.A. v. Vergos*, No. 11-00439-CB-N, 2012 WL 206169, at *2 (S.D. Ala. Jan. 24, 2012) (citing *Griffin v. Am. Bank*, 628 So. 2d 540, 543 (Ala. 1993) (affirming bank's summary judgment motion where bank presented affidavit testimony of its president and a copy of the promissory note)).  Similarly, for the Guaranty, "'[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty.'" *Sharer v. Bend Millwork Sys., Inc.*, 600 So. 2d 223, 225-26 (Ala. 1992) (quoting *Delro Indus., Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987)). Thus, "'[a] guarantor is bound only to the extent and in the manner stated in the contract of guaranty.'" *Pate v. Merch. Nat'l Bank of Mobile*, 428 So. 2d 37, 39 (Ala. 1983) (quoting *Furst v. Shows*, 110 So. 299, 302 (Ala. 1926)).

In support of summary judgment on the Note and Guaranty, BB&T provides copies of the Note and Guaranty, *see* docs. 5-2, 5-3, as well as affidavit testimony from Douglas F. Elliott and Richard Deriso, BB&T Vice Presidents, regarding defaults on payment, *see* docs. 18-1, 18-7.  In response, Counter Defendants

provide no evidence but summarily "dispute[] the defaults alleged by BB&T in this matter and where the responsibility for any defaults may lie."  Doc. 21, at 3.

However, the primary substance of Counter Defendants' argument focuses on the amount due to BB&T, rather than actually disputing the existence of default.  *See generally* doc. 21.  Counter Defendants concede the existence of the Note and Guaranty, but state that "it is unclear at this point, with discovery not being initiated by either party, exact[ly] what BB&T is rightfully owed as a result of its acquiring Colonial's assets."  *Id.* at 2-3.  Counter Defendants also concede the execution of the Second Forbearance Agreement but dispute "that BB&T has acted in good faith since the signing of the Forbearance, and thus is the reason Counter[] Defendants asked for an accounting in its original Complaint."  *Id.* at 3. While Counter Defendants request an accounting, they fail to dispute Douglas F. Elliott's affidavit testimony that Counter Defendants defaulted on the Note and Guaranty.  *See* doc. 18-1.  Indeed, this acceptance of default is further evidenced by the next paragraph in Counter Defendants' response to summary judgment— "At the December 22, 2011 hearing before this Court both parties established different values that were due and owing at the time of the hearing and the reasons for the amount being owed at the time.  An accounting of the loan disbursements, loan payments and the amounts received by BB&T is necessary in order to resolve the differences between the parties."  Doc. 21, at 3.  Perhaps most importantly, in the Second Forbearance Agreement Counter Defendants explicitly admit default under the Note and Guaranty.  *See* doc. 5-6.  Put simply, there is no dispute that

Counter Defendants defaulted; rather, the dispute exists as to the amount due and owing to BB&T.  The aforementioned hearing and Counter Defendants' ability to engage in discovery will provide this requested accounting.

Outside of challenging the amount at issue under the Note and Guaranty, Counter Defendants also allege that BB&T failed to comply with the Second Forbearance Agreement's terms, thereby causing Counter Defendants to default on this Agreement.  Doc. 21, at 7-8.  More specifically, as partial grounds for default under the Second Forbearance Agreement, BB&T accuses Counter Defendants of failing to execute Additional Mortgages; however, Counter Defendants allege that BB&T failed to "perform, or employ an agent to perform, all reasonable and necessary tasks associated with the preparation, drafting, and recording of the Additional Mortgages" as required by the Second Forbearance Agreement.  *Id.* at 8.  The court disagrees that this warrants denying summary judgment.  First, there is no dispute that Counter Defendants defaulted under the "Repayment Terms" of the Second Forbearance Agreement.  *See* doc. 5-6, at 4; doc. 18-7, at 2.  Thus, based on this default, the Forbearance Agreement terminated automatically regardless of the "Additional Mortgages."  *See* doc. 5-6, at 3-4.

Second, Counter Defendants' assertion is simply inconsistent with the plain language of the Forbearance Agreement.  The Agreement states in relevant part that "as a condition to Lender [BB&T] entering into this Agreement, Obligors [Counter Defendants] shall provide to Lender . . . additional security for the Loan in the form of the Additional Mortgages.  The form and content of each such

Additional Mortgage shall be subject to Lender's sole discretion . . . . If Obligors fail to deliver the Additional Mortgages to Lender before the expiration of the Additional Mortgages Deadline, such failure shall be deemed an event of default hereunder . . . . Lender agrees to perform, or employ an agent to perform, all reasonable and necessary tasks associated with the preparation, drafting, and recording of the Additional Mortgages." *Id.* at 4-5. Thus, while the Agreement certainly obliges BB&T to aid in preparing these Additional Mortgages, the language fails to support Counter Defendants' assertion that BB&T is required to submit Additional Mortgages to Counter Defendants. *See* doc. 21, at 8. Thus, absent evidence that BB&T affirmatively refused to participate in preparing and recording Additional Mortgages—evidence Counter Defendants would currently possess—BB&T is due summary judgment.

In sum, there is no dispute that Counter Defendants breached their respective contracts with BB&T. As such, BB&T's summary judgment motion is **GRANTED**, and BB&T is entitled to judgments as a matter of law against Counter Defendants. However, Counter Defendants raise legitimate concerns about the judgment amount, and the court will resolve this dispute at the scheduled hearing.

## III.   Counter Defendants' Complaint

BB&T also moves for summary judgment on Counter Defendants' claims for damages. Doc. 18, at 19. In the Verified Complaint, Counter Defendants alleged claims against BB&T for breach of contract, breach of fiduciary

relationship, negligence, and wantonness.  Doc. 1-1.  As grounds to support these claims, Counter Defendants maintain that BB&T failed to timely process payments made under the Second Forbearance Agreement and that BB&T failed to properly accept payments made by Dr. Stanmore and certain affiliated companies on behalf of Hospitality Group in November 2011.  *Id.* at 4-5.  BB&T contends that summary judgment is warranted on these claims because it maintained no obligation to accept payments after properly accelerating all amounts due under the Note and Guaranty.  Doc. 18, at 20.  The court agrees based on the terms of the Second Forbearance Agreement, doc. 5-6, and BB&T's notice of acceleration to Counter Defendants, doc. 5-8.  Specifically, BB&T only forwent the exercise of its rights and remedies under the Note and Guaranty until Counter Defendants failed to comply with the terms of the Second Forbearance Agreement, *see* doc. 5-6, at 3-4, and it is undisputed that Counter Defendants defaulted under these terms, *see supra*.  *See also* doc. 5-2, at 4 (Note); doc. 5-3, at 6-7 (Guaranty).

Moreover, given that BB&T met its initial burden to support summary judgment, Counter Defendants fail to "go beyond the pleadings" to establish a "genuine issue for trial."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324.  Indeed, Counter Defendants fail to respond at all to BB&T's motion for summary judgment as it relates to their claims against BB&T.  *See generally* doc. 21.  BB&T aptly demonstrates no genuine issue for trial and entitlement to judgment as a matter of law.  Conversely, Counter Defendants produce no evidence establishing BB&T's liability for breach of contract, breach of fiduciary duty,

negligence, or wantonness.  *See Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  Accordingly, the court **GRANTS** BB&T's motion for summary judgment on Counter Defendants' Verified Complaint and **DISMISSES with prejudice** all claims asserted against BB&T.

DONE the 21st day of August, 2012.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE